McGREGOR W. SCOTT
United States Attorney
BRIAN A. FOGERTY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>            v.<br><br>ASHLEY MARIE AURICH,<br><br>                    Defendant. | CASE NO. 2:20-CR-219 WBS<br><br>STIPULATION FOR PROTECTIVE ORDER RESTRICTING USE AND DISSEMINATION OF STATEMENTS MADE IN CONNECTION WITH ADMINISTRATIVE PROCEEDINGS<br><br>COURT: Hon. William B. Shubb |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant Ashley Marie Aurich, by and through defendant's counsel of record, hereby stipulate as follows:

1. The parties jointly request that the Court enter a protective order restricting the use and dissemination of certain statements made in connection with administrative proceedings related to alleged assaults against two inmates at California State Prison, Sacramento ("CSP-Sacramento) in 2016. For the reasons set forth below, the parties respectfully request that the Court grant this request and sign the attached protective order incorporating the terms of the parties' stipulation.

2. The statements at issue arise out of an administrative investigation at CSP-Sacramento into the alleged assault of the inmates who are identified in the Indictment as Victim 1 and Victim 2. ECF No. 1. Certain restrictions may apply to the use and dissemination of at least some of the

statements that specific CSP-Sacramento correctional officers made to investigators with the California Department of Corrections and Rehabilitation ("CDCR"). The parties accordingly have assumed, for purposes of this stipulation only, that certain statements may be governed by the protections set forth by the Supreme Court in *Garrity v. New Jersey*, 385 U.S. 493 (1967). In that case, the Supreme Court held that a statement made by a law enforcement officer may be inadmissible against the officer in a criminal trial if the officer made the statement under the threat that he would lose his job if he invoked his right to remain silent. This holding, based on the Fifth Amendment's guarantee against compelled self-incrimination, is premised on the fact that it is unfair for the government to put an officer "between a rock and a whirlpool" by forcing the officer to choose whether to incriminate himself or to lose his job by invoking the Fifth Amendment. *Id.* at 498. The Supreme Court recognized that, although a law enforcement agency may compel its employees to answer questions during an administrative investigation, the statements that result from such compulsion may not be used against the employee in any subsequent criminal matter. *Id.* at 500.

3. The parties assume and agree, for purposes of this stipulation only, that certain statements that specific CSP-Sacramento correctional officers made to CDCR investigators were compelled and that, as a result, there may be limitations on the prosecution's use of the statements. A government filter team collected and reviewed materials from CDCR and administrative proceedings, and then redacted or withheld from the prosecution team statements that arguably could be considered *Garrity* material. An index of the primary statements that are covered by this stipulation is attached and is labeled Exhibit "A."

4. The parties have agreed that the government filter team will produce discovery, including the statements contained in Exhibit A, subject to the following conditions:

    a) None of the material redacted or withheld from the prosecution team's version of the discovery materials (including, but not limited to, the documents or recordings identified in Exhibit A) may be shared with or provided to any defendant or any witness, including any expert witness. The only exception is that defense counsel may provide his or her own client's statement to his or her own client.[1]

---

[1] This restriction includes the defendant in the related case *United States v. Pacheco*, No. 2:20-

b)   None of the material redacted or withheld from the prosecution team's version of the discovery materials (including, but not limited to, the examples identified in Exhibit A) may be included or reflected in any motion, pleading, or document filed with the Court.

c)   None of the material redacted or withheld from the prosecution team's version of the discovery material (including, but not limited to, the examples identified in Exhibit A) may be used in open court, including in any hearing, argument, or examination of witnesses, except as provided in paragraph (d).

d)   If defense counsel intends to use any of the material redacted or withheld from the prosecution team's version of the discovery materials (including, but not limited to, the examples identified in Exhibit A) in any motion or in open court, including in a motion related to the potential *Garrity* statements, defense counsel shall notify the trial team in writing, without reference to the substance or content of any statement contained in the materials listed in Exhibit A, and file under seal the motion or filing that references the redacted or withheld materials.  The government filter team will respond to and address any motion or filing containing redacted or withheld material without exposing the government trial team to potential *Garrity* statements.

e)   The parties agree that the conditions set forth in paragraphs (a) through (d) above apply to all members of the defense team, including any defense attorney, investigator, or paralegal, as well as any of their successors.  The parties also agree that if any member of the defense team fails to comply with the conditions set forth in the Protective Order, any *Garrity*-protection would be waived by the defense team, provided that the Court agrees that such a waiver is consistent with the terms of the Order and the controlling case law.

IT IS SO STIPULATED.

---

CR-221 WBS (E.D. Cal.).

STIPULATION FOR PROTECTIVE ORDER RESTRICTING
USE AND DISSEMINATION OF CERTAIN STATEMENTS

3

| | |
|---|---|
| Dated: December 17, 2020 | McGREGOR W. SCOTT<br>United States Attorney |
| | /s/ BRIAN A. FOGERTY<br>BRIAN A. FOGERTY<br>Assistant United States Attorney |
| Dated: December 17, 2020 | /s/ JOHNNY L. GRIFFIN, III<br>JOHNNY L. GRIFFIN, III<br>Counsel for Defendant<br>Ashley Marie Aurich |

**EXHIBIT A**

STIPULATION FOR PROTECTIVE ORDER RESTRICTING USE AND DISSEMINATION OF CERTAIN STATEMENTS

4

The following list[2] of statements were made during a California Department of Corrections and Rehabilitation ("CDCR") internal investigation of a use-of-force incident:

- Arturo Pacheco:
    - December 22, 2016 Interview

- Jeffrey Bigney:
    - September 29, 2016 Interview
    - December 5, 2017 Interview

- Brenda Villa:
    - October 13, 2016 Interview
    - December 5, 2017 Interview

- Josh Kiel:
    - October 10, 2016 Interview
    - December 6, 2017 Interview

---

[2] This list does not include all statements made during the CDCR investigation, only a subset.

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED

Dated:  December 17, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE